IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GARRY F.,                                :
                                         :
            Plaintiff,                   :   Case No. 2:21-cv-0923
                                         :
      v.                                 :   Chief Judge Algenon L. Marbley
                                         :
COMMISSIONER OF                          :   Magistrate Judge Kimberly A. Jolson
SOCIAL SECURITY,                         :
                                         :
            Defendant.                   :

## OPINION & ORDER

This matter comes before the Court on Plaintiff's Objections (ECF No. 19) to the Magistrate Judge's Report and Recommendation that the Court overrule Plaintiff's Statement of Errors and affirm the Commissioner's decision denying benefits. Upon *de novo* review by the Court, and for the reasons set forth below, Plaintiff's Objections are hereby **OVERRULED**, the Report and Recommendation (ECF No. 18) is **ACCEPTED**, and the Commissioner's determination is **AFFIRMED**.

## I.    BACKGROUND

This case returns to federal court following remand in *Garry F. v. Commissioner of Social Security*, Case No. 2:19-cv-2127 (S.D. Ohio) (Graham, J.) (hereinafter, the "2019 case").

On June 4, 2015, Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income, alleging disabilities beginning April 14, 2014. (ECF No. 10, Tr. 228–38). After Plaintiff's applications were denied initially and again on reconsideration, the Administrative Law Judge ("ALJ") held a hearing on March 22, 2018. (*Id.* at 31–61). The ALJ denied Plaintiff's applications on July 18, 2018. (*Id.* at 9–30). The Appeals Council denied

1

Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (*Id.* at 1–6).

Plaintiff then initiated the 2019 case, seeking review of the Commissioner's decision. The Court remanded Plaintiff's case to the Commissioner, reasoning that "the administrative law judge did not adequately explain the weight given to the opinions of Lori Baker, plaintiff's treating mental health therapist, and Maryam Niazi, a psychiatric nurse practitioner who also treated plaintiff." 2019 case, ECF No. 14 at 1. The Appeals Council issued a remand order and consolidated Plaintiff's claim, pursuant to 20 C.F.R. § 416.1452, with his subsequent benefits application of April 16, 2019. (ECF No. 10, Tr. 700–04). After a telephone hearing before the ALJ, Plaintiff's applications were denied again on November 4, 2020. (*Id.* at 577–99).

Plaintiff opted to refile in this Court on March 4, 2021, seeking review of the ALJ's decision on remand. (ECF No. 1). On March 17, 2022, the Magistrate Judge issued a Report and Recommendation that this Court overrule Plaintiff's Statement of Errors and affirm the decision of the Commissioner. (ECF No. 18). The relevant facts concerning Plaintiff's medical records, as well as the ALJ's decision, are set forth therein. Plaintiff filed one Objection to the Report and Recommendation, asserting that the ALJ's reasons for discrediting Ms. Baker's opinions were not accurate and were not supported by substantial evidence. (ECF No. 19 at 2).

## II.    STANDARD OF REVIEW

Upon objection to a Magistrate Judge's Report and Recommendation, a District Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).

The Court's role in this Social Security case "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)). It is "more than a mere scintilla, but only so much as would be required to prevent judgment as a matter of law against the Commissioner if this case were being tried to a jury." *Inman v. Astrue*, 920 F. Supp. 2d 861, 863 (S.D. Ohio 2013) (citing *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988)).

The Commissioner's findings "are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed. *Ealy*, 594 F.3d at 512.

## III.   LAW AND ANALYSIS

Before this Court, Plaintiff asserts only one Objection to the Report and Recommendation: that the "ALJ violated SSR 06-03P during the evaluation of Ms. Baker's opinions" because the reasons she gave for discrediting Ms. Baker's opinion "were not accurate nor were they supported by substantial evidence." (ECF No. 19 at 2).[1]

For claims filed before March 27, 2017, "opinion evidence" is evaluated pursuant to 20 C.F.R. § 416.927. As Plaintiff's therapist, Ms. Baker is not an "acceptable medical source" under the rule; instead, she is considered an "other source." *See* SSR 06-03P (S.S.A.), 2006 WL 2329939,

---

[1] Prior arguments concerning Ms. Niazi's opinions and the constitutionality of the Commissioner's for-cause removal protection, both presented in the Statement of Specific Errors, were not pursued through specific Objections and thus are not addressed in this Opinion. *See* Fed. R. Civ. P. 72(b)(2); *Howard. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991).

3

at *1–2. "Other sources" "cannot establish the existence of a medically determinable impairment." *Id.* at *2. Nonetheless, such opinions "are important and should be evaluated on key issues such as impairment severity and functional effects, along with other evidence in the file." *Id.* at *3. Factors that may guide the ALJ's analysis include: "How long the source has known and how frequently the source has seen the individual; How consistent the opinion is with other evidence; The degree to which the source presents relevant evidence to support an opinion; How well the source explains the opinion; Whether the source has a specialty or area of expertise related to the individual's impairment(s); and Any other factors that tend to support or refute the opinion." *Id.* at *4–5.

The ALJ "generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." *Id.* at *6. As Plaintiff mentioned, "the ALJ does not need to provide 'good reasons' for discrediting Ms. Baker's opinions" (ECF No. 19 at 2); but she "generally should explain" how she weighed the opinions. *See* 20 C.F.R. § 416.927(f).

The dispute in this case specifically concerns the ALJ's consideration of the Mental Work Capacity Evaluation completed by Ms. Baker. (ECF No. 10, Tr. 588). Ms. Baker opined moderate to extreme limitations in concentration, social interaction, and adaptation resulting from Plaintiff's disabilities. (*Id.* at 417–19). In assessing the relevant factors, the ALJ found that Ms. Baker's opinion was (1) internally inconsistent with her treatment notes, (2) inconsistent with the overall record, and (3) based upon a relatively brief treatment history. As a result, the ALJ gave Ms. Baker's opinions "little weight." (*Id.* at 588).

4

Plaintiff contends these conclusions were erroneous and not supported by substantial evidence. (ECF No. 19 at 2). Plaintiff now raises three main points in his Objection: (1) that Ms. Baker's treatment notes "did not demonstrate any conflict with Ms. Baker's opinions"; (2) that the ALJ's evaluation of inconsistencies between Ms. Baker's opinions and the rest of the record was improper; and (3) that Ms. Baker's short treatment history "was unfairly wielded against Ms. Baker and her opinions." (*Id.* at 2–5). The Court will consider these issues in turn.

### 1. *Internal Inconsistencies*

With respect to internal inconsistencies, Plaintiff's Objection does not state a ground for reversal. The ALJ noted that Ms. Baker's "significant limitations are not entirely supported by her own treatment notes" (ECF No. 10, Tr. 588), and identified the record evidence that led her to that conclusion. Ms. Baker's treatment notes indicate Plaintiff's motivation and dedication to working on his issues through counseling (*Id.* at 490), which does somewhat contradict her opinion of "marked" limitation in Plaintiff's "ability to set realistic goals or make plans independently of others." (*Id.* at 419). Additionally, Ms. Baker's treatment notes express normal to mild findings in Plaintiff's appearance, memory, thought content, and perception. (*Id.* at 488–89). This is somewhat inconsistent with Ms. Baker's opinion of "marked" and "extreme" limitations in, for instance, Plaintiff's "ability to make simple work related decisions," "ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness," and "ability to respond appropriately to changes in the work setting." (*Id.* at 418–19). Thus, the internal inconsistencies identified by the ALJ are grounded in substantial evidence.

Plaintiff's Objections center on other treatment notes more consistent with Ms. Baker's opinions. (ECF No. 19 at 3). However, the existence of other consistent evidence is insufficient to reverse the Commissioner's decision. *See Buxton*, 246 F.3d at 772. Because the record contains

substantial evidence supporting the ALJ's decision, including her conclusion that Ms. Baker's

opinions were internally inconsistent, Plaintiff has not stated a ground for reversal. *See Ealy*, 594

F.3d at 512.

### 2. *Inconsistencies with the Overall Record*

Next, the Court considers the ALJ's conclusion that Ms. Baker's opinions were

inconsistent with the overall record. The ALJ determined that the moderate to extreme limitations

in concentration, social functioning, and adaptation were "not consistent with the record as a whole

that reflects [Plaintiff] as routinely cooperative and fully oriented." (ECF No. 10, Tr. 588).

Evidence to support that characterization of the whole record includes Plaintiff's "cooperative,

friendly and interactive" demeanor with his treatment providers, his ability to cohabitate "without

indication of significant discord or conflict" (and despite occasional stressors in that living

situation), his assistance with household tasks, his management of medications and appointments,

and his generally fair or better grooming and hygiene. (*Id.* at 584, citing record exhibits). "Overall,"

the ALJ concluded, "the evidence does not support more than mild to moderate limitations in the

domains of mental functioning." (*Id.*). These aspects of the record are inconsistent with Ms.

Baker's more extreme limitations.

Plaintiff seems to contend that the Magistrate Judge erred in looking to the ALJ's earlier

discussion, which appeared initially in the "listed impairments" step of the analysis, as indicative

of the conflicting record evidence. Plaintiff maintains that the later evaluation of residual

functional capacity is "distinctly different," such that "[a]ny attempt to use the reasoning at step

three to explain the decision made by the ALJ in step four and step five" is improper. (ECF No.

19 at 4). This argument lacks merit. The ALJ's decision on where to summarize the record

evidence does not change what that evidence shows or supports. Moreover, requiring the ALJ to

restate her complete summary at every step of the analysis would be an exercise in redundancy. The pertinent regulations call for consideration and explanation, which the ALJ has satisfied.

Continuing, Plaintiff objects to the ALJ's characterization of his mental health condition as "stable with treatment." (ECF No. 10, Tr. 587). Plaintiff avers that "simply claiming that a condition is stable . . . does not mean that the condition is somehow not disabling." (ECF No. 19 at 4). Again, the ALJ's assessment, drawn from the patient notes of a psychiatric nurse and following a discussion of Plaintiff's progress in therapy, was based in substantial evidence. The fact that Plaintiff can draw different conclusions from the same evidence does not support reversal. *See Buxton*, 246 F.3d at 772.

Accordingly, Plaintiff's arguments regarding the overall record must be rejected. The ALJ identified specific aspects of the record that conflict with the "marked" or "extreme" limitations suggested by Ms. Baker. As such, substantial evidence grounds the ALJ's chosen limitations and her weighting of Ms. Baker's opinions.

### 3. Brief Treatment History

Finally, the Court finds that Ms. Baker's relatively brief treatment history was not "unfairly wielded" by the ALJ. (ECF No. 19 at 5). The ALJ accurately noted that Ms. Baker's opinion, which followed roughly eight months of treatment, did "not reflect a longitudinal perspective of [Plaintiff's] condition." (ECF No. 10, Tr. 588). By contrast, the opinions of the state agency's physicians were formed after reviewing medical records spanning years of Plaintiff's treatment, across several providers. Plaintiff concedes that "the length of time a source has treated a claimant is a valid consideration" (ECF No. 19 at 5); indeed, it is expressly listed in the policy Plaintiff claims was violated. *See* SSR 06-03P, 2006 WL 2329939, at *4. Here, Ms. Baker's relatively brief treatment history, as compared to the longitudinal perspective of the consulting experts, supports

the weight assigned by the ALJ. It might have been improper to summarily reject Ms. Baker's opinions for length of treatment alone, but this was one factor in many that supported the ALJ's weighting. The Court finds no error in this regard.

### IV.    CONCLUSION

Having independently reviewed the ALJ's findings and the administrative record, this Court concludes that the Commissioner's decision was supported by substantial evidence. The ALJ's explanation of how she weighed Ms. Baker's opinion is, as the Magistrate Judge noted, "a far cry" from the "'threadbare analysis'" that prompted a remand in Plaintiff's prior case. (ECF No. 18 at 11). Thus, the Commissioner's decision must stand.

Accordingly, Plaintiff's Objections (ECF No. 19) to the Magistrate Judge's Report and Recommendation are **OVERRULED**, the Report and Recommendation (ECF No. 18) is **ACCEPTED**, and the Commissioner's determination is **AFFIRMED**. This case is **CLOSED**.

  **IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  June 22, 2022**